# Weaver's Appeal.

1. An account need not be settled by an administrator previous to the issue, by the Orphans' Court, of an order of sale.

2. Specific notice need not be given to the widow and heirs before the issuing of an order of sale; the public notice required by law before sale is made is sufficient. The widow and heirs may be heard before confirmation of the sale.

3. An order of sale to pay debts may be granted, though the widow and heirs have not been made parties to suits brought for the recovery of such debts.

4. An order of sale to pay debts may be granted, though suits have not been brought for the recovery of such claims and the widow and heirs made parties, in conformity to the 34th section of the Act of 24th February, 1834, relating to executors and administrators.

APPEAL from the decree of the Orphans' Court of *Westmoreland county*.

This was an appeal by Rosanna Weaver, widow of A. Weaver, deceased, from the decree of the Orphans' Court, ordering the sale of his real estate for payment of debts.

John Wible, administrator of A. Weaver, deceased, on the 2d day of March, 1849, presented his petition to the Orphans' Court of Westmoreland county, for an order to sell the real estate of the decedent for the payment of debts, a schedule of which was annexed to the petition.

March 2, 1849, the Court made the following order: "The Court order and direct the administrator to expose the premises to public sale, at the Court House, in Greensburgh, on Tuesday, 1st May, 1849; due notice thereof to be given by the administrator. Terms cash, on confirmation. Bond and security in $1200—approved."

The *confirmation* of the sale was objected to by the widow, on the ground—

1st. That the administrator had not settled his administration account prior to the order of sale.

2d. That no notice was given to the minor children of A. Weaver of the application to sell the real estate.

3d. The creditors of. A. Weaver had not proceeded to charge his land with the payment of their claims.

The following opinion was delivered by KNOX, President Judge, in overruling the exceptions and confirming the sale:—

"The 1st exception, viz. That the administrator had not settled his administration account, prior to obtaining the order of sale, is of no validity. In this case there was no account to settle, as there was no personal estate of the decedent in the hands of his administrator, but if there had been, the order for the sale of real estate could issue before the account was settled.

[Weaver's Appeal.]

" The 2d exception relates to the notice to be given to minors, &c. It is contended, on behalf of the exceptants, that in cases when the interests of minors are to be affected, it is necessary to give notice, in accordance with the directions of the 53d section of the Act of 29th March, 1832, in relation to Orphans' Courts. This section, and the preceding one, must be taken together, and they provide for giving notice in cases where no other method is specially provided; but in the succeeding section, viz. the 54th, the notice to be given in sales of real estate, by order of Orphans' Court for the payment of debts, is distinctly stated, viz. by publication in a newspaper or newspapers and handbills. This does not contemplate specific notice to the heirs or devisees, whether such heirs or devisees be minors or adults. This has been the uniform construction given to the act by the profession, so far as my knowledge goes. The order is made upon the application of the executor or administrator, if the Court is satisfied of its necessity and the requirements of the Act of Assembly in relation to schedules, &c. are complied with. The public notice of the sale is supposed to be sufficient, and those interested can be heard at any time before confirmation. They will be permitted, even after a sale, to show either that the debts have been paid, that their lien has been lost, or that there was no necessity to raise the money to pay debts, &c.

" In Murphy's Appeal, 8 *W. & Ser.* 169, Mr. Justice KENNEDY says (although this point was not necessarily involved in the decision of the case), 'An order may be granted, it would seem, without giving any particular notice to the heirs or devisees of the intestate or testator. All that is required is, that the executor shall have exhibited to the Court a true and conscionable appraisement of all the personal estate of the decedent, together with a full statement of all the real estate of the same which has come to his knowledge, as also a just and true account, upon oath or affirmation, of all the debts of the decedent which have come to his knowledge.'

" It certainly behooves the Orphans' Court to exercise great care in proceedings for the sale of real estate belonging to minors, but we cannot say that there is error in this proceeding for want of specific notice to them.

" The 3d exception is, that the creditors of the intestate had not proceeded to charge his land with the payment of their debts.

" It is a sufficient answer to this exception to say, that directly the reverse of the proposition was decided by our Supreme Court, in the case just cited, viz. Murphy's Appeal, 8 *W. & Ser.* 169. It was there held, that a sale by order of the Orphans' Court upon the petition of the administrator to pay debts was valid, although no steps had been taken to make the widow and heirs parties to

the judgment or debts against the decedent. The authority of this case is binding upon us, and relieves the question from whatever difficulty might otherwise have been involved in it.

"The exceptions are therefore overruled, and the sale confirmed."

*Foster*, for appellant.—As to the *second* exception, reference was made to the 52d section of the Act of 29th March, 1832, relating to Orphans' Courts, which provides that in all cases in which proceedings may be had in the Orphans' Court, affecting the interest of any minor, notice of such proceeding shall be given to the guardian of such minor, &c.

As to the *third* exception, reference was made to the 34th section of the Act of 24th Feb. 1834, *Purdon*, title "Executors and Administrators," requiring a plaintiff, where he intends to charge the real estate of a decedent with his debt, to make the widow and heirs or devisees parties.

*Cowan*, contrâ.—Some of the debts in this case were judgments in the lifetime of the intestate. The widow had notice before confirmation, as exceptions on her part were filed to the proceeding before confirmation.

PER CURIAM.—The law was so accurately stated in the Court below, that it is unnecessary to re-state it here.

Decree affirmed.