IN

# THE SUPREME COURT

OF

## PENNSYLVANIA.

---

### WESTERN DISTRICT—PITTSBURG 1867.

---

## Stiver's Appeal.

1. The law does not require a schedule of debts, &c., to be *filed* with a petition for sale of real estate to pay the debts of a decedent. *Filing* is the better practice; *exhibiting* the schedule is all that is required.

2. After an order to sell, it is presumed that such exhibition was made.

3. Notice to the widow of an application for a sale for the payment of debts is not required.

4. When the highest bidder refuses to comply with his bid, the sale may be returned as made to the next.

October 21st 1867. Before THOMPSON, STRONG, READ and AGNEW, JJ. WOODWARD, C. J., absent.

Appeal from the decree of the Orphans' Court of *Jefferson county* in the matter of the sale of the real estate of Henry Stiver, deceased:—No. 125, to October and November Term 1866.

Henry Stiver, the decedent, died in the year 1856, and administration of his estate was granted to Alexander Findlay. He left a widow, Louisa Stiver, and three minor children. About the 12th of February 1862, the administrator filed in the register's office a "partial account" of his administration, in which he charged himself with the amount of the inventory, $213.12, and some other items, making the whole amount of charges $448.78, and credited himself with "goods set apart for the widow, $213.12," and other items, amounting in the whole to $665.61, showing a balance of $217.83 against the estate.

On the 15th of December 1863, the administrator petitioned the court, setting forth that the decedent died seised of two tracts of land, each containing about 50 acres; that his personal estate

was insufficient to pay his debts, " as will appear by a true and perfect inventory, &c., of all the personal estate of the decedent, and a just and true account of all the debts, &c., herewith exhibited," &c.; and prayed for an order to sell the before-mentioned tracts of land for that purpose.

On the same day this order was made by the court:—

" Upon the petition of Alexander Findlay, administrator of the estate of Henry Stiver, deceased, praying that he may be authorized to sell the real estate of said deceased necessary to pay his debts, with the exhibit accompanying said petition, the court being satisfied of the propriety of a sale of the following real estate of the decedent, &c. * * * do authorize the said Alexander Findlay, administrator as aforesaid, to expose the above tracts of land to sale by public outcry on the premises," &c.

The administrator returned that he had sold the two tracts of land to James Toy for $700.

On the 11th of February 1864 the following exceptions to the confirmation of said sale were filed on behalf of the widow and David Barclay, who alleged that he was the purchaser at the administrator's sale:—

1. The administrator filed a partial account, February 13th 1862, and the only one which has ever been filed, which said account has not been passed by the register nor confirmed by the court, and upon the face of said account it will appear by striking out a credit claimed of amount of goods set apart for the widow of decedent, when there has been no sum whatever set apart for said widow, and the account itself will show, that the administrator has a small balance in his hands instead of an indebtedness on the part of the estate.

2. No schedule showing the indebtedness of the estate was filed with the petition of the administrator.

3. The widow of deceased had no notice of the intention of the administrator to apply for an order for the sale, nor did she know anything about such application until the order was granted.

4. The order of sale was for two lots of land, being the whole of the real estate of Henry Stiver, deceased, when one of them, as is confidently believed, would yield an amount sufficient to cover all possible contingencies.

5. One of said tracts, on day of sale, was bid to the sum of $400, but the administrator refused to sell them separately, and then sold both together. The sale of the one lot it is believed would have been more than enough to pay all the debts of the estate.

6. The administrator has returned the property as sold to James Toy, his son-in-law, when in fact it was struck down to D. Barclay, who bid the sum of $700, and who is ready and willing

to take the property if the court should adjudge that the title will pass and confirm the same.

The exceptions, &c., were referred to A. C. White, Esq., as auditor, who reported:—

"Exception 1st sustained. The account as mentioned in the exception does not show that it was ever either examined or passed by the register or confirmed by the court. In said account the administrator claims credits to the amount of $665.61, from which deduct $213.12, said to be set apart to widow, as there is no record whatever that said amount was set apart to widow, would leave a balance of $98.28 in hands of said administrator.

"Exception 2d is sustained, except a statement in said petition, which the auditor does not consider a sufficient schedule. It is as follows:—

"Balance of account filed against said estate　　$217.83
"Debts due and unpaid the estate of said decedent　607.37

"Exception 3d is sustained.

"Exception 4th is sustained as follows: That the order of sale was for two lots of land, being the whole of the real estate of said decedent, and so far as claims which would be a lien on the real estate of said decedent have come to the knowledge of the auditor, one piece, as stated in the exception, would be amply sufficient to pay said claims.

"Exception 5th is sustained.

"Exception 6th sustained as follows: Admitted in full by administrator's attorney, except David Barclay expressed himself willing to comply with the terms of sale in case a good title would pass, when, as in his exception, it is a simple title without any qualifying word; also, that the administrator is willing to have the suit compromised to David Barclay upon his complying with the conditions.

"The only claim brought to the auditor's notice, which would be a lien upon the real estate of said decedent, was a judgment of $145.92, with interest from December 1859, which was assigned to David Barclay March 14th 1860."

The auditor reported as his opinion that "said sale of real estate of Henry Stiver, deceased, should be set aside for the reasons named in the exceptions which have been sustained, and particularly for the reasons set forth in Exceptions 4 and 5, as, so far as has come to the notice of the auditor, the sale of one lot would be sufficient to pay all debts which are a lien on the real estate of said decedent."

The auditor, at the request of the parties, returned with his report the evidence taken on the hearing.

The evidence was that one lot was put up and bid to $425, and, without being struck down, both lots were put up and struck

down to David Barclay, at his bid, for $700; that James Toy did not bid, but that Adam Dunmore bid $695 for James Toy.

The appraisers of the personal estate testified that the widow requested $300 of the decedent's personal property set aside for her, and that they set aside all the personal property for her.

It appeared also that David Barclay, to whom the property was first struck down, declined to comply with the terms of sale unless a good title would pass to him.

On the 16th of February 1865 the Orphans' Court confirmed the sale to Toy. Two rules were subsequently obtained to vacate the decree confirming the sale; both were discharged; the latter on May 15th 1866.

The widow, Louisa Stiver, appealed, and assigned for error:—

That the court erred, 1. In granting the order of sale. 2. In confirming the sale.

*D. Barclay*, for appellant, cited Act of March 29th 1832, § 133, Purd. 290, pl. 107, Pamph. L. 200; Murphy's Appeal, 8 W. & S. 169; Pry's Appeal, 8 Watts 253; Clauser's Estate, 1 W. & S. 215; Benner *v.* Phillips, 9 Id. 21.

*P. W. Jenks* and *R. C. Winslow*, for appellee, cited Weaver's Appeal, 7 Harris 416; Walls's Appeal, 7 Casey 62.

The opinion of the court was delivered, October 28th 1867, by Strong, J.—Of the several exceptions taken in the Orphans' Court to the confirmation of the sale, the first three call in question the right of the court to make any order to sell. It is said the administrator had filed an account which had not been passed or confirmed, and that the account, if corrected, would have shown a balance in the hands of the accountant, instead of indebtedness of the estate to him. If this were so, it would be of no importance other than as exhibiting one unpaid debt less than appeared when the sale was ordered. But the correction which the appellant insists should be made is unwarranted. The account having charged the administrator with the entire personalty of the deceased, he was properly credited with $213.12, the appraised value of the goods set apart for the widow. The proof is clear and uncontradicted that the goods were appraised and set apart for her. To this two of the appraisers testify directly. It is further objected that no schedule showing the indebtedness of the estate was filed with the petition for the order of sale. It is certainly true that an Orphans' Court is not warranted to award an order to sell the real estate of a decedent, at the suit of an executor or administrator, before a just and true account, upon oath or affirmation, of all the debts which have come to the knowledge of the petitioner, shall have

[Stiver's Appeal.]

been exhibited to it. But the Act of Assembly does not require that such account or schedule shall be filed with the petition. Filing it is the better practice, but an exhibition of it is all that is expressly required.

It is for the information of the court, that the judges may determine whether the sale asked for is necessary or expedient. The court must be satisfied that there are debts that cannot be paid with the proceeds of the personalty. And as the court must be thus satisfied—as an exhibition of such a statement is a pre-requisite to an order to sell—after an order, it must be presumed that such an exhibition was made.

Certainly this presumption exists in the absence of all proof to the contrary. In the present case there is not only no such proof, but it appears affirmatively that the court was informed of the unpaid debts of the decedent.

The petition represents a just and true account of them as exhibited with it. The record shows that there was an exhibit, and that the court was satisfied of the propriety of a sale. It is not even now contended that no such exhibit was made. The burden of the complaint is that the one exhibited was not accurate, and was not sufficiently detailed. If, however, it satisfied the court, ground was laid for the order, and we should not be justified in setting the sale aside after it has been made and confirmed, and after its proceeds have been distributed.

The next exception is that the widow had no notice of the application until after the order of sale was granted. It might have been proper that notice should have been given, but it was not required by the law. She had notice before the sale was confirmed. See Weaver's Appeal.

The 4th exception is that the order was for the sale of two lots of land, and the exceptant believes one was sufficient. It is enough for this that the court exercised its discretion in view of the debts to be paid and the property ordered to be sold. And the result shows that its discretion was exercised wisely. The final settlement of the account has proven that the proceeds of sale of both lots have been consumed in the payment of the debts.

The 5th exception is substantially a repetition of the 4th.

The only remaining one is that the administrator returned the property as sold to James Toy, when in fact it was struck down to Barclay, who was the highest bidder. It is, however, clearly established that Toy was the second bidder through Adam Dunmore. It is also proved that Barclay refused to comply with his bid except upon conditions that he had no right to exact, and that neither the court nor the administrator could allow. It was not, under these circumstances, wrong to allow the sale to be returned as made to the next highest bidder to Barclay.

None of the exceptions, therefore, are sustained. We do not

overlook the fact that the proceedings in the Orphans' Court were loose, but there is not, in our opinion, sufficient to justify us in disturbing the sale which has been made.

The decree of the Orphans' Court is affirmed, and the appellant is ordered to pay the costs.