# Irwin *v*. Guthrie.

*Decedents' estates—Orphans' court sale—Removal of administrator.*

After the expiration of nineteen years from the date of an orphans' court sale for the payment of debts of a decedent, the sale cannot be attacked by the children of the decedent in an action of ejectment on the grounds that the administrator had been removed pending the order of sale, that the register had appointed his successor without reference to the widow or children, that the widow and children had no notice of the application for the order, and that the administrator had accepted the receipts of the purchasers who were lien creditors.

Argued Oct. 29, 1900.  Appeal, No. 152, Oct. T., 1900, by plaintiffs, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1899, No. 716, on verdict for defendants in case of David H. Irwin et al. v. George W. Guthrie et al.  Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ.  Affirmed.

Ejectment for land in the twenty second ward of the city of Pittsburg.  Before White, J.

At the trial it appeared that plaintiffs claimed title as heirs of William H. Irwin, deceased.  The defendants claimed title under an orphans' court sale for the payment of debts of William H. Irwin.  The record showed that on October 23, 1878, W. W. Burchfield, administrator of William H. Irwin obtained an order of sale for the payment of debts, but before the sale was made, was at his own request and with the approval of the widow and children removed from the position of administrator.  The vacancy was filled by the register appointing George W. Burgwin, administrator d. b. n.  The record did not show that the widow and children had been consulted as to this appointment.  The order of sale was executed on April 12, 1879, and the property was sold to George W. Guthrie and James W. Brown, who receipted to the administrator as lien creditors. The sale was confirmed on May 24, 1879.  Plaintiffs complained that they had received no notice of the application for the order to sell.  They also complained of the removal of Burchfield and the appointment of Burgwin, and that the latter had accepted the receipt of the purchasers.

The court gave binding instructions for defendants. Plaintiff appealed.

*Error assigned* among others was in giving binding instructions for defendant.

*L. C. Barton,* for appellant.—The discharge of W. W. Burchfield as administrator was void, he not having in his petition asked therefor, but only prays to be discharged from his duties under said order of sale and to substitute George C. Burgwin as trustee to make sale of said property : Weyand v. Weller, 39 Pa. 443 ; Act of March 21, 1806, 4 Sm. L. 332 ; Borough of Beltzhoover v. Gollings, 101 Pa. 295.

It was absolutely necessary that notice of the application be served on all the parties in interest : Act of March 29, 1832, P. L. 207 ; McKee v. McKee, 14 Pa. 236.

*A. M. Neeper* and *George W. Guthrie,* for appellees, were not heard, but in their printed brief said : The law contains no provision that the register should preserve the evidence upon which he acts, and we are bound to presume, as in the acts of every judicial officer, that he had done his duty : Shoenberger's App., 139 Pa. 132.

The widow and heirs of decedent, and the persons claiming under them, are not entitled to specific notice of an application for an order of sale for the payment of debts, and the failure to give such notice would not afford sufficient ground for setting aside the sale, even on a direct application : Weaver's App., 19 Pa. 416 ; Wall's App., 31 Pa. 62 ; Simmonds's Estate, 19 Pa. 441 ; Stiver's App., 56 Pa. 9 ; West Hickory Mining Association v. Reed, 80 Pa. 47 ; Lockhart v. John, 7 Pa. 137 ; Smith's Estate, 188 Pa. 222.

PER CURIAM, January 7, 1901 :

This is an action of ejectment to recover possession of thirty-three acres of land in the twenty-second ward of the city of Pittsburg. It is conceded by the parties to the suit that William H. Irwin was, at the time of his death on June 3, 1878, the owner of said land subject to the incumbrances thereon and the payment of his debts. On October 28, 1878, the administrator of the

estate applied to and obtained from the orphans' court an order to sell the real estate for the payment of debts, which order was extended from time to time until April 12, 1879, when the real estate was sold under an order of court to George W. Guthrie and James W. Brown for the sum of $5,000. The sale was confirmed absolutely on May 24, 1879; the purchase money was promptly paid and the deed duly executed and delivered. It nowhere appears that previous to the institution of this suit any suggestion or claim was made by the plaintiffs of irregularities in the proceedings which resulted in the sale of the land. Neither has there been at any time an intimation of inadequacy of price in the sale of the property, or inaccuracy in the accounts rendered by the administrators of the estate. The allowance of Burchfield's petition for removal was clearly within the power of the court, and the appointment of Burgwin as administrator d. b. n. with the consent and approval of Mary J. Irwin, Jennie K. Keller and J. Albert Keller is not at this time, if it ever was, an impairment of the defendant's title. No error was committed by the administrator in accepting the receipt of the purchasers under the provisions of the act of April 20, 1846, nor in the omission to give specific notice to the widow and heirs of an application for an order of sale for the payment of debts. " It has long been thoroughly settled that the widow and heirs of a decedent are not entitled to a specific notice of an application for such order: " Murphy's App., 8 W. & S. 169; Weaver's App., 19 Pa. 416; Wall's App., 31 Pa. 62; Stiver's App., 56 Pa. 9; West Hickory Mining Assn. v. Reed, 80 Pa. 38; Smith's Estate, 188 Pa. 222. We cannot find in either of the specifications of error any cause for reversing the judgment or impairing in any degree the title which the defendants acquired by their purchase of the land at the orphans' court sale. The refusal of the court to affirm the plaintiff's point " that under all the evidence the verdict must be for the plaintiffs " and its direction to the jury to find for the defendants are alike free from error. The specifications are therefore dismissed.

Judgment affirmed.